NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0473n.06

Case No. 24-3548

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 27, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DIANA L. CLARKE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| STEPHEN POLLAN, et al., | ) | |
| Defendants-Appellees. | ) | O P I N I O N |
| | ) | |

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges

NALBANDIAN, Circuit Judge. Federal courts have two kinds of original jurisdiction: federal question and diversity jurisdiction. One does not require the other. They are independent paths into federal court. Separately, courts must also have personal jurisdiction over defendants, meaning that out-of-staters must have some measure of contact with the forum state.

Diana Clarke, an Ohio citizen, sued the Florida-domiciled Stephen Pollan and his company in Ohio state court for nearly $200,000 on state-law claims. That's textbook diversity jurisdiction. So Pollan's removal to federal district court was permissible, and the district court properly denied Clarke's motion to remand. But Pollan also demonstrated that he had no contacts with Ohio, so the district court also properly dismissed the case for lack of personal jurisdiction.

Now on appeal, Clarke challenges both the denial of the remand and the lack of personal jurisdiction. On the former, Clarke has repeatedly ignored the concept of diversity jurisdiction and argued only about federal-question jurisdiction, which is irrelevant here. And on the latter,

she has not even tried to rebut Pollan's claims that he has no contacts with Ohio. Clarke has thus abandoned any relevant argument on either issue, and she loses on the merits anyway. We affirm.

**I.**

Clarke sued Pollan and his company, Assessment Technologies Group (ATG), in Ohio state court. According to the complaint, Clarke and Pollan had an "implied in fact" contract in which she earned commissions and consulting fees for business opportunities she identified for ATG. R. 1-1, Compl., p.2, PageID 6. One such opportunity led to this suit. Clarke stated that she "brought to [Pollan's] attention" a bid request from the Federal Bureau of Prisons for the kind of "human capital management" work that ATG did. *Id.* She helped ATG draft a bid, and the company won the contract. Then she invoiced Pollan and ATG asking for $184,576.91 for her work on the bid. Clarke's complaint alleges that they never properly paid her.

Clarke worked remotely. According to her complaint, she freelanced as an "independent contractor" from Medina County, Ohio, where she lived and had her office. Pollan, meanwhile, lived in Florida, where ATG was incorporated.

Since the parties were citizens of different states and Clarke sought more than $75,000, Pollan removed the case to federal district court under 28 U.S.C. § 1441. Each side then filed a motion. Clarke moved to remand to state court, while Pollan moved to dismiss for lack of personal jurisdiction. In his motion, Pollan included an affidavit disclaiming any relation to Ohio. He stated that he was "a resident of the State of Florida, own[ed] no real property in the State of Ohio, d[id] not conduct business in the State of Ohio, and otherwise h[ad] no affiliation or connection with the State of Ohio." R. 4-1, Affidavit, p.1, PageID 43. ATG, he added, also owned no property in Ohio, was "not licensed or registered to transact or conduct business in the State of Ohio, d[id] not derive any revenue from goods sold or services rendered in the State of Ohio," and had no

2

connection to Ohio. *Id.* Finally, Pollan stated that ATG had no clients in Ohio and that the negotiation and execution of ATG's contract with the Bureau of Prisons likewise had no link to Ohio.

Clarke opposed the motion to dismiss, but her brief made no argument addressing personal jurisdiction. Instead, her counsel discussed removal (the subject of Clarke's separate motion to remand) and asked the district court to return the case to state court because there was no federal question. The brief ignored diversity jurisdiction.

The district court denied the motion to remand and granted the motion to dismiss, finding no personal jurisdiction over the Florida defendants.[1] Clarke appealed both decisions.

## II.

We review a denial of a motion to remand de novo. *Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008). The party removing the case to federal court has the burden of establishing subject-matter jurisdiction. *Id.*

We also review a dismissal for lack of personal jurisdiction de novo. *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 660 (6th Cir. 2023). At first, a plaintiff can rely on the complaint to make out a prima facie case that the court has personal jurisdiction over the defendant. *Id.* But if the defendant moves to dismiss with evidence or affidavits, the burden then shifts to the plaintiff, who "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (internal quotation marks omitted).

---

[1] This was actually Clarke's second go-around. She filed the same suit in 2023 and the district court dismissed for lack of personal jurisdiction. But she sued again less than a month later, which brings us here.

3

**III.**

Removal first. When a plaintiff sues in state court, the defendant can remove the case to federal district court if the district court would have had original jurisdiction over the claim. 28 U.S.C. § 1441(a). Original subject-matter jurisdiction comes in two main forms: federal-question jurisdiction and diversity jurisdiction. The former requires a cause of action "arising under" federal law. 28 U.S.C. § 1331. The latter requires diverse parties and a claim for over $75,000. 28 U.S.C. § 1332(a)(1). These categories are entirely independent. Federal-question cases require no diversity of citizenship. And diversity cases require no federal legal issues.

This is a diversity case, as is clear from the face of Clarke's complaint, which seeks over $180,000 on state-law claims and asserts that she lives in Ohio while Pollan and ATG are domiciled in Florida. So even though Clarke sued in state court, a federal district court would also have had original jurisdiction over her case. Pollan thus had the right to remove it.

In response, Clarke argues that removal was improper because there was no federal question. True, there wasn't—but that's irrelevant. Pollan removed on the basis of diversity jurisdiction. And inexplicably, Clarke's brief ignores diversity jurisdiction, acting as if raising a federal question is the only way into federal court, and thereby to removal. That's wrong. Diversity jurisdiction has been with us since the Founding. *See* U.S. Const. art. III, § 2, cl. 1; Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 73, 78. It requires no federal question, is a valid basis to reach a federal forum, and so is a valid ground for removal. *See, e.g.*, *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014) (holding that removal based on diversity jurisdiction allows federal courts to hear state law claims). The district court properly denied Clarke's motion to remand.

Next, personal jurisdiction. Clarke has nominally appealed the dismissal of her complaint for lack of personal jurisdiction; her Notice of Appeal and statement on oral argument both refer to the dismissal. But her brief's statement of the issues is silent on the matter, and her briefing devotes no time to making any relevant legal argument. The brief only discusses federal-question jurisdiction. This failure to advance any argument on personal jurisdiction abandons the issue as undeveloped. *See Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 611 (6th Cir. 2016); *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014).

Even if we reach the merits, we would still affirm the dismissal. Clarke has not carried her burden to show that the district court had personal jurisdiction over the defendants because she never responded to or contested Pollan's affidavit, which makes clear that neither he nor ATG have any connection, business or personal, to Ohio. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–60 (2021) (discussing personal jurisdiction requirements); *Sullivan*, 79 F.4th at 660 (discussing personal jurisdiction in diversity cases). Once Pollan put forth this evidence supporting his motion to dismiss, Clarke could "no longer stand on [her] pleadings," but had to, "by affidavit or otherwise, set forth specific facts showing that the court ha[d] jurisdiction." *Sullivan*, 79 F.4th at 660 (internal quotation marks omitted). This she did not do.

**IV.**

Pollan and ATG had the right to remove a diversity case to federal court, and unchallenged evidence showed that the district court had no personal jurisdiction over them. We affirm.

5